**EMPLOYERS' LIABILITY ASSURANCE CORP., Ltd.**

**v.**

**ROBERT NORTHRIDGE FURNITURE CO., Paul Peloquin, Thomas Bell, Joseph Fleming, Lumbermens Mutual Casualty Co.**

Civ. A. No. 55–519.

United States District Court
D. Massachusetts.

Feb. 11, 1957.

Parker, Coulter, Daley & White, Boston, Mass., for plaintiff.

David H. Fulton, Boston, Mass., for defendant Lumbermens Mutual Cas. Co.

Fusaro & Fusaro, Worcester, Mass., Joseph F. O'Commell, Jr., Boston, Mass., for Paul Peloquin.

FORD, District Judge.

This is an action for a declaratory judgment brought to determine which of two insurance companies is the insurer of defendant Robert Northridge Furniture Company, Inc. (hereinafter called Northridge) with respect to any liability of Northridge for injuries received by defendant Peloquin, who has an action against Northridge pending in the Massachusetts courts.

In July 1954 Northridge sold some new furniture to Peloquin, agreeing to take old furniture in exchange. On July 19, 1954, Northridge sent two of its employees, Bell and Fleming, with its truck to pick up the old furniture which was in Peloquin's second floor apartment. The truck was parked on a public highway adjacent to Peloquin's residence. Some of the furniture was removed to the ground and Bell and Fleming were engaged in lowering a

divan from the second floor porch to the ground by means of a web strap. Peloquin was assisting them in lowering the divan when he fell from the porch to the ground, receiving injuries which he claims were caused by the negligence of Northridge's employees.

There was in effect at the time of Peloquin's injury a comprehensive liability policy issued to Northridge by plaintiff Employers' Liability Assurance Corporation, Ltd. (hereinafter called Employers'). As pertinent here the policy provided (Coverage B) for coverage for liability for bodily injury, but this coverage did not apply (Exclusions (b)) to the ownership, maintenance or use, including loading or unloading, of automobiles. There was also in effect a motor vehicle liability policy issued to Northridge by defendant Lumbermens Mutual Casualty Company (hereinafter called Lumbermens). In addition to the statutory coverage required by Massachusetts law, this policy provided (Coverage B) for coverage for liability for bodily injury sustained by any person and arising out of the ownership, maintenance or use of the motor vehicle. Item 3(c) of the Declarations of the policy provided, "As respects coverages B and C use of the motor vehicle for the purposes stated includes the loading and unloading thereof."

The precise issue then is whether the lowering of the divan from the porch is included within the term "loading" as used in these policies. If it is, then Lumbermens is the insurer with respect to the injuries of Peloquin; if not, Employers' is the insurer.

There seems to be no Massachusetts case interpreting the loading and unloading provisions of automobile liability policies. However, the Court of Appeals for this circuit has passed upon the question in Connecticut Indemnity Co. v. Lee, 1 Cir., 168 F.2d 420. In that case a truck driver about to deliver merchandise by means of an elevator opening on to the sidewalk stopped his truck at the curbstone, opened the elevator doors which when closed formed part of the sidewalk and then crossed the sidewalk to the truck to get out the merchandise he was to deliver. While he was picking up a box from the truck, a pedestrian fell into the open elevator well. It was held that this accident arose out of the unloading of the truck. The court held that the essential test was whether there was a causal relation between the accident and the unloading and found a sufficient relation in the fact that the opening of the elevator doors was necessary in order to carry out the delivery and thus was an integral part of the unloading process.

In the present case the accident occurred while a piece of furniture was being removed from Peloquin's apartment for the specific purpose of placing it upon the waiting truck. This removal of the divan from the apartment to the ground was a necessary step in the operation of picking up the furniture, and hence, under the rationale of the Connecticut Indemnity Co. case, supra, it was an integral part of the loading process.

Among other jurisdictions which have considered the scope of loading and unloading clauses, there exists a difference of opinion. In some jurisdictions a narrow construction has been adopted which would limit loading to the immediate act of placing goods on the vehicle. See Annotation, 160 A. L.R. 1259. In the majority of the jurisdictions which have passed upon the question a broader construction has been adopted under which loading and unloading includes "the 'complete operation' of transporting the goods between the vehicle and the place from or to which they are being delivered." Wagman v. American Fidelity & Casualty Co., Inc., 304 N.Y. 490, 109 N.E. 2d 592, 594, and cases there cited. In the Wagman case employees of a store were engaged in wheeling racks of garments from the store across the sidewalk to the truck of a motor carrier, where the carrier's employees lifted

them into the truck. Wagman was a department manager of the clothing store who was counting and checking the garments. On his way across the sidewalk from the truck to the store to check on other goods to be shipped, he bumped into a pedestrian and knocked her to the ground. It was held that under a loading and unloading clause in a liability policy issued to the carrier Wagman was an "insured" since his activity was part of the loading operation. More recently this broad interpretation has been followed in Connecticut. In Raffel v. Travelers Indemnity Co., 141 Conn. 389, 106 A.2d 716, a truck driver delivering a roll of linoleum to a customer left it standing at the door of the customer's house. Sometime after he had driven his truck away the roll fell on the customer's daughter and injured her. It was held that this accident was within the scope of a loading and unloading clause of the applicable motor vehicle liability policy.

The decision in this case is thus in accord with the broad interpretation which is the majority rule in other jurisdictions. It is this broader interpretation which was followed in Connecticut Indemnity Co. v. Lee, supra. As pointed out in that case, while the Massachusetts court has never ruled specifically on a loading and unloading clause of the type here involved, it has followed the policy of giving a broad interpretation to similar clauses, such as the operation and use clause contained in motor vehicle liability policies.

Judgment will be entered for plaintiff, declaring that as to any liability for injuries suffered by Paul Peloquin on July 19, 1954, the relation of insured and insurer exists between Robert Northridge Furniture Company, Inc. (and its employees Bell and Fleming) and Lumbermens Mutual Casualty Company, and not between Robert Northridge Furniture Company, Inc. (and its employees Bell and Fleming) and Employers' Liability Assurance Corporation, Ltd.